

# CONFIDENTIAL INFORMATION, INVENTIONS, NONSOLICITATION AND NONCOMPETITION AGREEMENT

In consideration of my employment as an employee with neXus Surgical innovations., a Washington Corporation ("neXus Surgical"), the compensation paid to me by neXus Surgical and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, I agree as follows:

**Section 1. Definitions**

Whenever used in this Agreement, the following terms will have the following specified meanings:

**1.1** **Confidential Information.** As used in this Agreement, "Confidential Information" includes all information that is not generally known that is disclosed by neXus Surgical or NuVasive or learned by employee relating to neXus Surgical or NuVasive or any existing or proposed products (including NuVasive Products), services, or business of neXus Surgical. Confidential Information includes, without limitation, trade secrets, know-how, concepts, ideas, and information pertaining to any research, technology, products, services, future products or services, methods, processes, designs, markets, customer identity and contact information, customer preferences, pricing, suppliers, personnel, business plans, marketing plans, and financial affairs of neXus Surgical, NuVasive and other third parties with whom neXus Surgical does business. Confidential Information may be contained or disclosed in any form or on any media, tangible or intangible. Confidential Information includes, without limitation, (a) information disclosed in documents, graphs, charts, models or other tangible media; (b) information disclosed orally; (c) information that employee observes during visits to neXus Surgical or NuVasive facilities; (d) information that Contractor learns from attending, viewing, hearing or otherwise experiencing a presentation by neXus Surgical, NuVasive or other third parties with whom neXus Surgical does business; (e) information that employee may derive from Confidential Information disclosed to employee; (f) analyses, compilations, studies or other information or documents created by employee that contain or reflect or are generated from information disclosed by neXus Surgical, NuVasive or third parties with whom neXus Surgical does business; (g) information pertaining to any supplier or customer of neXus Surgical or NuVasive; and (h) all information designated by neXus Surgical or NuVasive as confidential or proprietary.

**1.2** **Confidential Materials**. As used in this Agreement, "Confidential Materials" means any and all tangible media or materials that contain or disclose Confidential Information of neXus Surgical, NuVasive, or other third parties with whom neXus Surgical does business, including, without limitation, paper documents, computer drives, computer tapes, and other computer memory and storage devices, in human readable and machine readable forms.

**1.3** **"Invention"** means any product, device, technique, know-how, computer program, algorithm, method, process, procedure, improvement, discovery or invention, whether or not patentable or copyrightable and whether or not reduced to practice, that (a) is within the scope of neXus Surgical's business, research or investigations or results from or is suggested by any work performed by me for neXus Surgical and (b) is created, conceived, reduced to practice, developed, discovered, invented or made by me during the Term, whether solely or jointly with others, and whether or not while engaged in performing work for neXus Surgical.

Doc ID: 3a92cfeb990de5340733efae0d0f1b318fc46611





1.4 **"Material"** means any product, prototype, model, document, diskette, tape, picture, design, recording, writing or other tangible item which contains or manifests, whether in printed, handwritten, coded, magnetic or other form, any Confidential Information, Invention or Proprietary Right.

1.5 **"Person"** means any corporation, partnership, trust, association, governmental authority, educational institution, individual or other entity.

1.6 **"Proprietary Right"** means any patent, copyright, trade secret, trademark, trade name, service mark, maskwork or other protected intellectual property right in any Confidential Information, Invention or Material.

1.7 **"Term"** means the term of my employment with neXus Surgical, whether on a full-time, part-time or consulting basis.

**Section 2. Ownership and Use**

2.1 neXus Surgical will be the exclusive owner of all Confidential Information, Inventions, Materials and Proprietary Rights. To the extent applicable, all Materials will constitute "works for hire" under applicable copyright laws.

2.2 I assign and transfer, and agree to assign and transfer, to neXus Surgical all rights and ownership that I have or will have in Confidential Information, Inventions, Materials and Proprietary Rights, subject to the limitations set forth in Section 2.5 and in the notice below. Further, I waive any moral rights that I may have in any Confidential Information, Inventions, Materials and Proprietary Rights. I will take such action (including signature and assistance in preparation of documents or the giving of testimony) as may be requested by neXus Surgical to evidence, transfer, vest or confirm neXus Surgical's rights and ownership in Confidential Information, Inventions, Materials and Proprietary Rights. I agree to keep and maintain adequate and current written records of all Inventions and Proprietary Rights during the Term. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by neXus Surgical. The records will be available to and remain the sole property of neXus Surgical at all times. I will not contest the validity of any Proprietary Right, or aid or encourage any third party to contest the validity of any Proprietary Right of neXus Surgical. To the extent that neXus Surgical seeks patent protection on any Invention, I fully cooperate, and disclose any prior art that I know to be material or relevant.

If neXus Surgical is unable for any reason to secure my signature to fulfill the intent of the foregoing paragraph or to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions assigned to neXus Surgical above, then I irrevocably appoint neXus Surgical and its authorized agents as my agent and attorney in fact, to transfer, vest or confirm neXus Surgical's rights and to execute and file any such applications and to do all other lawful acts to further the prosecution and issuance of letters patent or copyright registrations with the same legal force as if done by me.

2.3 Except as required for performance of my work for neXus Surgical or as authorized in writing by neXus Surgical, I will not (a) use, disclose, publish or distribute any Confidential Information, Inventions, Materials or Proprietary Rights or (b) remove any Materials from neXus Surgical's premises.



**2.4** I will promptly disclose to neXus Surgical all Confidential Information, Inventions, Materials or Proprietary Rights, as well as any business opportunity which comes to my attention during the Term and which relates to the business of neXus Surgical or which arises as a result of my employment with neXus Surgical. I will not take advantage of or divert any such opportunity for the benefit of myself or anyone else either during or after the Term without the prior written consent of neXus Surgical.

**2.5** Exhibit A is a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to the Term (collectively referred to as "Prior Inventions"), which belong to me, which relate to neXus Surgical's current or proposed business, products or research and development, and which are not assigned to neXus Surgical; or, if no such list is attached, I represent that there are no such Prior Inventions. If, during the Term, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, neXus Surgical is granted and shall have a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have made, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

**NOTICE:** Notwithstanding any other provision of this Agreement to the contrary, this Agreement does not obligate me to assign or offer to assign to neXus Surgical any of my rights in an invention for which no equipment, supplies, facilities or trade secret information of neXus Surgical was used and which was developed entirely on my own time, unless (a) the invention relates (i) directly to the business of neXus Surgical or (ii) to neXus Surgical's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by me for neXus Surgical.

**Section 3. Further Obligations**

**3.1** During the Term, I will not, directly or indirectly, engage in, be employed by, perform services for or otherwise participate in any business that competes with neXus Surgical or NuVasive, Inc. ("NuVasive").

**3.2** My execution, delivery and performance of this Agreement and the performance of my other obligations and duties to neXus Surgical will not cause any breach, default or violation of any other employment, nondisclosure, confidentiality, consulting or other agreement to which I am a party or by which I may be bound. Attached as Exhibit B is a list of all prior agreements now in effect under which I have agreed to keep information confidential or not to compete or solicit employees of any Person.

**3.3** I will not use in performance of my work for neXus Surgical or disclose to neXus Surgical any trade secret, confidential or proprietary information of any prior employer or other Person if and to the extent that such use or disclosure may cause a breach, default or violation of any obligation or duty that I owe to such other Person (e.g., under any agreement or applicable law). My compliance with this paragraph will not prohibit, restrict or impair the performance of my work, obligations and duties to neXus Surgical.

**3.4** I will not (a) make any false, misleading or disparaging representations or statements with regard to neXus Surgical or NuVasive or the products or services represented by neXus Surgical or (b) make any statement that may impair or otherwise adversely affect the goodwill or reputation of neXus Surgical or NuVasive.

3.5 I understand that neXus Surgical has received and will in the future receive from third parties confidential or proprietary information ("Third-Party Information") subject to a duty on neXus Surgical's part to maintain the confidentiality of such information and use it only for certain limited purposes. I will (a) hold Third-Party Information in confidence, (b) not disclose Third-Party Information to anyone, and (c) not use Third-Party Information for any purpose except in performing services for neXus Surgical pursuant to this Agreement. I shall treat all Third-Party Information as Confidential Information. All of my obligations under this Agreement with respect to Confidential Information shall also apply to all Third-Party Information.

3.6 I will not make any false or misleading representations to customers or others regarding neXus Surgical or the products we represent. I will not make any representations, warranties or guarantees with respect to the specifications, features or capabilities of any neXus Surgical-represented products that are not consistent with, or otherwise expand upon, the claims in any promotional materials provided to me by neXus Surgical or NuVasive. In no event, shall I make any guarantee or warranty concerning neXus Surgical-represented products that is inconsistent with, or otherwise expands upon, any standard limited warranty associated with any such product.

3.7 I will comply with all applicable federal, state and local laws, regulations and ordinances, including, without limitation, (a) HIPAA, (b) all federal and state health care anti-fraud, anti-kickback and abuse laws; and (c) all rules and regulations of the FDA and the Center for Medicare and Medicaid Services (CMS). Without limiting the generality of the foregoing, except to the extent allowed by applicable law, I will make no offer, payment or other inducement, whether directly or indirectly, to induce the referral of business, the purchase, lease or order of any item or service, or the recommending of the purchase, lease or order of any item or service. I will comply with all operating and compliance policies of neXus Surgical and NuVasive, including (without limitation) NuVasive's Code of Conduct and NuVasive's Code of Ethics, and Insider Trading Policy, as such policies may be updated from time to time.

3.8 I will not alter or modify neXus Surgical-represented products in any way prior to delivery to customers. I will at all times conduct my activities on behalf of neXus Surgical in accordance with the labeling limitations on neXus Surgical-represented products, the terms of this Agreement, neXus Surgical and NuVasive's written policies and procedures, and in compliance with applicable state and federal laws in effect from time to time, including the FDA's quality system regulations (QSR) and/or-good manufacturing practice (GMP).

**Section 4. Noncompetition and Nonsolicitation**

4.1 During the Term and for one year after the end of the Term, I will not induce, or attempt to induce, any employee or independent contractor of neXus Surgical to cease such employment or relationship to engage in, be employed by, perform services for, participate in the ownership, management, control or operation of, or otherwise be connected with, either directly or indirectly, any business that competes with neXus Surgical or NuVasive ("Competing Business").

4.2 During the Term and for one year after the end of the Term, I will not represent, promote or otherwise try to sell within any territory I served for neXus Surgical any lines or products that, in neXus Surgical's reasonable judgment, compete with NuVasive Products or other products represented by neXus Surgical within that territory and I will not solicit (directly or indirectly)





Doc ID: 3a92cfeb990de5340733efae0d0f1b318fc46611





    any current or former customers of neXus Surgical or NuVasive to purchase any products or lines that, in neXus Surgical's reasonable judgment, compete with NuVasive Products or other products represented by neXus Surgical within that territory. The one (1) year, post employment period during which the restrictions of this Section are applicable shall toll for any period of time in which I am not in compliance with my obligations.

**4.3** During the Term and for one year after the end of the Term, I will not engage in, be employed by, perform services for, participate in the ownership, management, control or operation of, or otherwise be connected with, either directly or indirectly, any Competing Business. For purposes of this paragraph, I will not be considered to be connected with any Competing Business solely on account of: my ownership of less than five percent of the outstanding capital stock or other equity interests in any Person carrying on the Competing Business. I agree that this restriction is reasonable, but further agree that should a court exercising jurisdiction with respect to this Agreement find any such restriction invalid or unenforceable due to unreasonableness, either in period of time, geographical area, or otherwise, then in that event, such restriction is to be interpreted and enforced to the maximum extent which such court deems reasonable.

**4.4** For one year after the end of the Term, I will not engage in, be employed by, perform services for, participate in the ownership, management, control or operation of, or otherwise be connected with, either directly or indirectly, NuVasive or any other manufacturer or supplier which products or services I represented while at neXus Surgical ("Restricted Manufacturer"). For purposes of this paragraph, I will not be considered to be connected with any Restricted Manfacturer solely on account of: my ownership of less than five percent of the outstanding capital stock or other equity interests in any Restricted Manufacturer. I agree that this restriction is reasonable, but further agree that should a court exercising jurisdiction with respect to this Agreement find any such restriction invalid or unenforceable due to unreasonableness, either in period of time, geographical area, or otherwise, then in that event, such restriction is to be interpreted and enforced to the maximum extent which such court deems reasonable.

**Section 5. Termination of Relationship**

**5.1** I hereby authorize and specifically agree to allow neXus Surgical to deduct from my wages the value of any property (including equipment, goods, or other items provided to me by neXus Surgical during my employment) which I fail to return when requested to do so by neXus Surgical, provided that such deduction (a) does not exceed the cost of the item, (b) does not reduce my wages below minimum wage or overtime compensation below time and a half, (c) is not made for normal wear and tear on or nonwillful loss or breakage of the provided item(s), and (d) is accompanied with a list of all items for which deductions are being made.

**5.2** I agree that at the end of the Term I will deliver to neXus Surgical (and will not keep in my possession, re-create or deliver to anyone else) any and all Materials and other property belonging to neXus Surgical, its successors or assigns. I agree to sign and deliver the "Termination Certification" attached as Exhibit C.

**5.3** At the end of the Term, I agree to provide the name of my new employer, if any, and consent to notification by neXus Surgical to my new employer about my rights and obligations under this Agreement in the form of Exhibit D.

Doc ID: 3a92cfeb990de5340733efae0d0f1b318fc46611



**Section 6. Employment At Will**

I agree that my employment is "at will" which means that it can be terminated at any time by neXus Surgical, with or without cause and with or without notice. I agree that any promise or obligation that my employment be on any other basis than "at will" is invalid unless in writing signed by the President of neXus Surgical. I agree to abide by neXus Surgical's rules, regulations, policies and practices as revised from time to time.

**Section 7. Miscellaneous**

7.1 **Survival.** This Agreement will survive the end of the Term.

7.2 **Injunctive Relief; Costs.** I acknowledge that my obligations under this Agreement are important to neXus Surgical, and that neXus Surgical would not employ or continue to employ me without my agreement to such obligations. I also acknowledge that if I do not abide by my obligations in this Agreement, neXus Surgical will suffer immediate and irreparable harm, and that the damage to neXus Surgical will be difficult to measure and financial relief will be incomplete. Accordingly, neXus Surgical will be entitled to injunctive relief and other equitable remedies in the event of a material breach by me of any obligation under this Agreement. The rights and remedies of neXus Surgical under this section are in addition to all other remedies. Further, in any legal action or other proceeding in connection with this Agreement (e.g., to recover damages or other relief), the prevailing party will be entitled to recover its reasonable attorneys' fees and other costs incurred.

7.3 **Severability.** This Agreement will be enforced to the fullest extent permitted by applicable law. If for any reason any provision of this Agreement is held to be invalid or unenforceable to any extent, then (a) such provision will be interpreted, construed or reformed to the extent reasonably required to render the same valid, enforceable and consistent with the original intent underlying such provision and (b) such invalidity or unenforceability will not affect any other provision of this Agreement or any other agreement between neXus Surgical and me.

7.5 **Governing Law; Jurisdiction; Venue.** This Agreement will be governed by the laws of the state of Washington without regard to principles of conflicts of law. I irrevocably consent to the jurisdiction and venue of the state and federal courts located in Spokane County, Washington in connection with any action relating to this Agreement. I will not bring any action relating to this Agreement in any other court.

7.5 **Amendments.** Neither this Agreement nor any provision may be amended except by written agreement signed by the parties.

7.6 **Waivers.** No waiver of any breach shall be considered valid unless in writing, and no waiver shall be a waiver of any subsequent breach.

7.7 **Acknowledgment.** I have carefully read all of the provisions of this Agreement and agree that (a) the same are necessary for the reasonable and proper protection of neXus Surgical's business, (b) neXus Surgical has been induced to enter into and/or continue its relationship with me in reliance upon my compliance with the provisions of this Agreement, (c) every provision of this Agreement is reasonable with respect to its scope and duration, (d) I have executed this Agreement without duress or coercion from any source, and (e) I have received a copy of this Agreement.

Doc ID: 3a92cfeb990de5340733efae0d0f1b318fc46611





**7.8** **Third-Party Beneficiary.** I acknowledge that the provisions of Sections 1-4 of this Agreement are for the benefit of neXus Surgical and NuVasive and that, in addition to neXus Surgical, NuVasive shall have the right, power and authority to enforce such provisions as though it were a party to this Agreement. As such, NuVasive is an express third party beneficiary to this Agreement.

This Agreement shall be effective as of April 2nd, 2018.

Signature

Ronald Victor Arthun

FULL NAME (print or type)

**ACCEPTED**:

neXus surgical innovations Inc.

By

Its President

Doc ID: 3a92cfeb990de5340733efae0d0f1b318fc46611



**EXHIBIT A**

**LIST OF PRIOR INVENTIONS AND ORIGINAL WORKS OF AUTHORSHIP**

| Title | Date | Identifying Number or Brief Description |
| --- | --- | --- |

✓ No inventions or improvements

____ Additional Sheets Attached

Signature of Employee: [signature]

Print Name of Employee: Ronald Victor Arthun

Date: 04/27/2018



**EXHIBIT B**

The following is a list of all prior agreements with former employers or others to which I am a party in which I agreed to maintain the confidentiality of the information of, or not to compete with or solicit the employees or customers of a third party.

✓ No Agreements

_____ See below

_____ Additional sheets attached

Signature of Employee: [signature]

Print Name of Employee: Ronald Victor Arthun

Date: 04/27/2018